## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **MELVIN TUCKER,** | ) | **CASE NO. 1:16 CV 1289** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **U.S. BANK ASSOCIATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* plaintiff Melvin Tucker has filed this *in forma pauperis* damages action pursuant to the Truth in Lending Act (TILA).  He alleges that on March 30, 1999, he entered into a consumer credit transaction with defendant's predecessor, Allied Funding, but the "disclosure statement issued in conjunction with [the] transaction" violated disclosure requirements of TILA and its implementing Regulation Z.  His specific allegations are that Allied Funding did not provide him a copy of the loan documents on March 30, 1999.  Instead, he received a copy of the note, security agreement, and loan payment book in the mail on or about April 30, 1999.  In addition, the "Adjustable Rate Rider was not part of the Original signed documents."

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), federal district courts are required to screen and dismiss before service any *in forma pauperis*

action that a court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from defendant who is immune from such relief.  *See* 28 U.S.C. §1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  To survive a dismissal for failure to state a claim under §1915(e)(2)(B), a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face.  *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §1915(e)(2)(B)).

This action must be dismissed pursuant to §1915(e).  Plaintiffs seeking damages under TILA face a one-year statute of limitations. 15 U.S.C. §1640.  The statute begins to run on the date of the alleged violation, which occurs when a creditor fails to make TILA's required disclosures prior to the consummation of the transaction.  *U.S. v. Petroff-Kline,* 557 F.3d 285, 296 (6th Cir. 2009).  The statute of limitations begins to run at the latest "when lender and borrower contract for the extension of credit."  *Gates v. Ohio Savings Bank Ass'n*, No. 1: 06 CV 678, 2007 WL 2713897 at *3 (N.D. Ohio Sept. 17, 2007).

Under these principles, the plaintiff's damages action under TILA arose in 1999, when he alleges he entered into the subject consumer credit transaction with Allied Funding. Therefore, the statute of limitations on the plaintiff's TILA claims expired well over two years before this lawsuit was filed.

### Conclusion

Accordingly, the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to §1915(e) because it is apparent on the face of the

complaint that the plaintiff's federal TILA action is barred by the statute of limitations.  *See Golliday v. First Direct Mortgage Co.*, No. 1:09-CV-526, 2009 WL 5216141, at *5 (W.D. Mich. Dec. 29, 2009) (a court may dismiss a TILA action on the basis of the statute of limitations when such a defect is apparent on the face of the complaint).[1]

The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ *Dan Aaron Polster*      6/17/2016
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1]Although the plaintiff alleges jurisdiction exists over "pendent claims," he does not allege any pendent claim in his complaint, and the Court would not exercise supplemental jurisdiction over any pendent claim in the absence of a viable federal claim in any event.

-3-